**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**EMILIO ZURITA-CRUZ,**

               **Petitioner,**

        **v.**                             **CASE NO. 21-3035-SAC**

**STATE OF KANSAS,**

               **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. On April 9, 2021, the court requested a Pre-Answer Report (PAR) from respondent to address the timeliness of this action. The order provided that petitioner would have 30 days from the filing of the PAR to reply. The PAR was filed on June 11, 2021, and petitioner filed no response. Due to returned items of mail, the court directed the clerk of the court to remail them to petitioner and issued a separate order extending the time to reply to and including August 3, 2021. Petitioner did not reply. For the reasons that follow, the court concludes this matter is not timely and must be dismissed.

### Procedural background

On February 8, 2008, petitioner was convicted of rape and aggravated criminal sodomy in the District Court of Finney County, Kansas. On March 25, 2008, he was sentenced to a prison term of 288 months.

On April 15, 2013, petitioner wrote a letter to the trial court claiming that he wanted to appeal his convictions but his defense attorney failed to pursue an appeal. The district court construed his

correspondence as a motion to appeal out of time.

On June 6, 2013, the trial court held a hearing on the motion and received testimony from petitioner, his trial attorney, and his interpreter. Following the hearing, the district court denied the motion to appeal out of time. Petitioner appealed from that ruling.

On June 15, 2015, the Kansas Court of Appeals (KCOA) affirmed the denial. *State v. Zurita-Cruz*, 356 P.3d 436 (Table), 2015 WL 5458431 (Kan. Ct. App. 2015)(unpublished opinion), *rev. denied*, June 21, 2016.

On September 12, 2016, petitioner filed a motion for post-conviction relief under K.S.A. 60-1507 in the state district court asserting a claim of ineffective assistance of counsel. On May 17, 2017, the district court denied relief. Petitioner did not appeal.

On February 2, 2021, petitioner filed the present action under 28 U.S.C. § 2254.

## Analysis

This petition is subject to the one-year limitation period established by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)  The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)  The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C)  The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

> collateral review; or
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The 1-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). "Direct review" ends when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Rules of the United States Supreme Court allow ninety days from the date of the conclusion of direct appeal to seek certiorari. U.S. S. Ct. Rule 13.1. "If a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after his direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003) (internal quotations omitted).

The statute also contains a tolling provision:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

The one-year limitation period also is subject to equitable tolling in "rare and exceptional circumstances." *Gibson v. Klinger*,

232 F.3d 799, 808 (2000)(internal quotation marks omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson, id*.

Where a prisoner seeks equitable tolling on the ground of actual innocence, the prisoner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 526-37 (2006)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup, id*. at 324.

In petitioner's case, he did not file a direct appeal from his state convictions. At the time of his conviction, he had a period of

ten days, excluding weekends, following the date of sentencing to file a notice of appeal. K.S.A. 22-3608(c)(2007). After approximately five years, he notified the state district court that he intended to appeal; however, after an evidentiary hearing, the district court denied his request. That decision was affirmed on appeal. That five-year period is sufficient to support a finding by this court that petitioner failed to timely present this habeas corpus action. However, even if the court found that petitioner were entitled to equitable tolling following his sentence, the record shows that following the denial of relief in his action under K.S.A. 60-1507, petitioner did not appeal and waited almost four years before he filed the present federal petition. Either of these delays is sufficient to persuade the court that this petition was not timely filed. Petitioner had not advanced any grounds to support equitable tolling or to excuse the failure to timely file. Therefore, this matter will be dismissed.

Finally, because the court concludes dismissal is required, it must consider whether to issue a certificate of appealability. Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court identifies the specific issue that meets that showing. 28 U.S.C. § 2253.

Where, as here, the Court's decision is based on a procedural

ground, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the present record does not warrant the issuance of a certificate of appealability. The dismissal is based upon procedural grounds, and the ruling that petitioner failed to timely file this matter is not reasonably debatable.

IT IS, THEREFORE, BY THE COURT ORDERED the petition is dismissed. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 4th day of August, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge