```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**EMILIO ZURITA-CRUZ,**

               **Petitioner,**

      v.                                                                        CASE NO. 21-3035-SAC

**STATE OF KANSAS,**

               **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. The matter comes before the court on petitioner's motion to reopen.

### Background

Petitioner commenced this action on February 2, 2021. During February and March 2021, petitioner filed three supplements to the petition. On April 9, 2021, the court entered an order directing respondent to file a Pre-Answer Report (PAR) to address the timeliness of the petition and whether petitioner had defaulted his direct appeal. Respondent filed the PAR on June 11, 2021. On June 14, 2021, the court entered an order advising petitioner that his response to the PAR was due on July 12, 2021. The court extended the time for a response to and including August 3, 2021. Petitioner did not respond, and the court dismissed the petition on August 4, 2021.

On September 7, 2021, petitioner filed a motion for a copy of the PAR and the motion to reopen this matter. The court ordered the clerk of the court to transmit a copy of the PAR to petitioner and directed him to respond. Petitioner filed his response on November

4, 2021.

## Discussion

In the order of dismissal, the court summarized the procedural history of petitioner's criminal case as follows:

> On February 8, 2008, petitioner was convicted of rape and aggravated criminal sodomy in the District Court of Finney County, Kansas. On March 25, 2008, he was sentenced to a prison term of 288 months.
>
> On April 15, 2013, petitioner wrote a letter to the trial court claiming that he wanted to appeal his convictions but his defense attorney failed to pursue an appeal. The district court construed his correspondence as a motion to appeal out of time.
>
> On June 6, 2013, the trial court held a hearing on the motion and received testimony from petitioner, his trial attorney, and his interpreter. Following the hearing, the district court denied the motion to appeal out of time. Petitioner appealed from that ruling.
>
> On June 15, 2015, the Kansas Court of Appeals (KCOA) affirmed the denial. *State v. Zurita-Cruz*, 356 P.3d 436 (Table), 2015 WL 5458431 (Kan. Ct. App. 2015)(unpublished opinion), *rev. denied*, June 21, 2016.
>
> On September 12, 2016, petitioner filed a motion for post-conviction relief under K.S.A. 60-1507 in the state district court asserting a claim of ineffective assistance of counsel. On May 17, 2017, the district court denied relief. Petitioner did not appeal.
>
> On February 2, 2021, petitioner filed the present
>
> action under 28 U.S.C. § 2254.

(Doc. 16.)

## Discussion

Petitioner seeks equitable tolling on the grounds of actual innocence, ineffective assistance of counsel, inability to access the law library due to transfers and limitations associated with the pandemic, and ignorance of the law. The court considers each in turn.

*Actual innocence*

Despite a petitioner's procedural default, "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims ... on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The evidence must be sufficient to "'persuade[ ] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Burke v. Bigelow*, 792 Fed. App'x 562, 565 (10th Cir. 2019) (quotations omitted).

As evidence of his innocence, petitioner states that the jury poll was never unanimous, and that ten members found him innocent while two found him guilty. He also claims the prosecutor told his defense counsel that if petitioner took the stand and testified, he would go to prison, but if he did not testify, the prosecutor "would let him go." (Doc. 21, p. 9.)

Because these claims do not identify any new, reliable evidence that supports a finding of factual innocence, the court finds no grounds for equitable tolling.

*Ineffective assistance of counsel*

Petitioner also claims he was hampered by ineffective assistance from "trial counsel, direct appeal counsel, post-conviction counsel, and appellate counsel" (Doc. 21, p.1) who, according to petitioner, failed to argue his actual innocence of his illegal conviction. *Id.*

Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

Generally, to obtain relief on this ground, a petitioner must show that an attorney's conduct constitutes "far more than ... 'excusable neglect.'" *Holland v. Florida*, 560 U.S. 631, 651-52 (2010). Equitable tolling on this ground must be based upon "[p]articularly egregious" conduct, such as failing to follow through on "repeated, deceitful assurances that a habeas petition would soon be filed." *Trujillo v. Tapia*, 359 Fed. App'x 952, 955 (10th Cir. 2010).

Here, petitioner argues that counsel, including appellate counsel, failed to argue his actual innocence. However, he provides no supporting facts for that assertion, and the record shows that he did not have a direct appeal or an appeal from the denial of his motion under K.S.A. 60-1507. The court finds he has not presented a sufficient claim of ineffective assistance of counsel to warrant equitable tolling.

*Lack of access to law library*

Petitioner also seeks equitable tolling based upon his transfers between correctional facilities incident to the pandemic and the lack of access to law library resources due to reduced staffing during that period.

The record shows that petitioner's state post-conviction action was denied on May 17, 2017, yet he took no action after that until he filed the present petition in early 2021. Even disregarding the time following petitioner's conviction, the one-year limitation period for timely filing expired long prior to the pandemic's impact

on the correctional system. Petitioner has failed to specifically explain how the circumstances he alleges prevented him from timely filing, and the court declines to allow tolling on the grounds he offers. *See Donald v. Pruitt*, 853 Fed. Appx. 230, 234 (10th Cir. 2021) ("[Petitioner] is not entitled to equitable tolling based on his allegedly limited access to the law library in the wake of COVID-19.").

*Ignorance of the law*

Finally, petitioner seeks equitable tolling based upon his ignorance of the law. However, such ignorance generally does not warrant equitable tolling. *See Marsh v. Soares*, 223 F.3d at 1220 ("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); Rojas-Marceleno v. Kansas, 765 F. App'x 428, 433 (10th Cir. 2018)("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling").

Petitioner's claim of ignorance of the law does not present any extraordinary circumstances that might warrant equitable tolling.

**Conclusion**

The court has considered petitioner's claims supporting his request for equitable tolling but finds no grounds sufficient to allow him to proceed.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to reopen the case (Doc. 18) is denied.

**IT IS SO ORDERED.**

DATED: This 29th day of November, 2021, at Topeka, Kansas.

S/ Sam A. Crow

```
                              SAM A. CROW
                              U.S. Senior District Judge
```